1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEVI DALE LASTER, JR.,                    No.  2:25-cv-1099 AC P

12                    Petitioner,

13           v.                                 ORDER and

14    ANGELA R. ROBINSON.,                       FINDINGS AND RECOMMNEDATION

15                    Respondent.

16

17           Petitioner is a county prisoner proceeding without an attorney, who has filed a petition for

18    writ of habeas corpus.  ECF No. 1.  This matter is before the court for preliminary review under

19    Rule 4 of the Rules Governing 2254 Cases.  For the reasons stated below, the undersigned

20    recommends that this case be dismissed without prejudice.

21       I.    Background

22           Petitioner is in custody at Butte County Jail.[1]  ECF No. 1 at 2.  In the past five months, he

23    has filed seven civil rights complaints under 42 U.S.C. § 1983 and five habeas corpus petitions.

24    _____

25    [1]  Petitioner appears to be detained based on a criminal case in the Superior Court of California,
      County of Butte, No. 24CF04225, which is currently stayed.  The court takes judicial notice of
26    Case No. 24CF04225.  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,
      971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts,
27    both within and without the federal judicial system, if those proceedings have a direct relation to
      matters at issue." (citations omitted)); Fed. R. Evid. 201(b)(2) (court may take judicial notice of
28    facts that are capable of accurate determination by sources whose accuracy cannot reasonably be
      questioned).

                                                   1

1    See Laster v. USA, No. 2:24-cv-3312 DJC CKD (E.D. Cal.) (§ 1983); Laster v. State of

2    California, No. 2:24-cv-3708 DAD DMC (E.D. Cal.) (§ 1983); Laster v. Robinson, No. 2:25-cv-

3    0966 JDP (E.D. Cal.) (§ 1983); Laster v. Beavers, No. 2:25-cv-0968 EFB (E.D. Cal.) (§ 1983);

4    Laster v. Cheatley, No. 2:25-cv-0979 CSK (E.D. Cal.) (§ 1983); Laster v. Mimmick, 2:25-cv-

5    1134 CSK (E.D. Cal.) (§ 1983); Laster v. Wentz, No. 2:25-cv-1135 EFB (E.D. Cal.) (§ 1983);

6    Laster v. USA, 2:25-cv-0440 DC CSK (E.D. Cal.) (habeas); 2: Laster v. State of California, 2:25-

7    cv-0481 DAD SCR (E.D. Cal.) (habeas); Laster v. Cheatley, No. 2:25-cv-1098 EFB (E.D. Cal.)

8    (habeas); Laster v. Robinson, No. 2:25-cv-1099 AC (E.D. Cal.) (habeas); Laster v. Beavers, No.

9    2:25-cv-1172 CKD (E.D. Cal.) (habeas).

10        On April 11, 2024, the court received several documents from petitioner: (1) a statement

11   of consent; (2) an application to proceed in forma pauperis; (3) a request for conformed copies;

12   (4) a letter explaining that plaintiff has filed multiple applications to proceed in forma pauperis, is

13   attaching an application to proceed in forma pauperis, with a copy of his inmate trust account for

14   the past six months, and "a writ of a filled out habeas corpus"; (5) a petition for writ of habeas

15   corpus; and (6) four Butte County Sheriff's Officer Inmate Request form.  Because the documents

16   were captioned Levi Dale Laster Jr. v. Angel R. Robinson, documents (1)-(4) were filed in

17   existing case number 2:25-cv-0966 JDP.  See Laster v. Robinson, No. 2:25-cv-0966 JDP,[2] ECF

18   No. 10-12.  However, because (1) a petition for habeas corpus is different from a civil rights

19   complaint, (2) petitioner did not include an existing case number, and (3) the respondent named

20   was not named in any of petitioner's previously filed habeas petitions, the clerk opened a new

21   habeas case and filed documents (5) and (6) as the habeas petition in this case.  See Laster v.

22   Robinson, No. 2:25-cv-1099 AC, ECF No. 1.

23        II.    Screening Standard

24        In screening the habeas petition, the court applies the Rule 4 framework of the Rules

25   Governing Section 2254 Cases in the United States District Courts.  Under Rule 4's standard, if it

26   ───────────────────────

27   [2]  Laster v. Robinson, No. 2:25-cv-0966 JDP, is a § 1983 case alleging that defendants Robinson, Kumel, Richards, Racial, Jack and "a lot more people" took petitioner's personal belongings, threatened to beat him to death, called the cops on him, and took his freedom since October 8,

28   2024.  See ECF No. 9 (first amended civil rights complaint)

plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition.  Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Habeas relief is available if the prisoner's claim in the petition attacks the legality or duration of his confinement.  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  Habeas relief is not cognizable if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement."  Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).  A challenge to conditions of confinement is properly pursued through a § 1983 civil rights action, not a habeas petition, because a favorable judgment would not necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

III.    Allegations in the Habeas Petition[3]

The petition names one respondent, Angel R. Robinson.  It lists petitioner's superior court criminal case number 24CF04225 and federal civil case No. 2:25-cv-0966-JDP; notes that petitioner has a criminal court lawyer, Christopher Carlos; and repeatedly states that petitioner "need[s] to be in pro per in civil court" and that he "[n]eeds a civil court date."  ECF No. 1 at 2-6.  As noted above, attached to the petition are four inmate requests forms.  Id. at 7-10.  Three of these relate to petitioner's concerns that his mail to the court is being stolen or not delivered, and one relates to petitioner's concerns that he is being poisoned at the jail.  Id.  Only one of them, which relates to mail issues, mentions respondent by name.  See id. at 10.

IV.    Discussion

Petitioner does not appear to make any claims challenging his confinement and the only relief he appears to seek is a civil court date and designation as a pro per plaintiff.  Because there are no claims for relief and petitioner is not seeking immediate or earlier release from

---

[3]  Citations to the docket in this section refer to the instant case, Laster v. Robinson, No. 2:25-cv-1099 AC.

1   confinement, the court finds the petition fails to state a cognizable habeas claim.

2          In situations like these, the court considers whether to convert the habeas petition to a civil

3   rights action.  See Nettles, 830 F.3d at 936 ("a district court may construe a petition for habeas

4   corpus to pleas a cause of action under § 1983 after notifying and obtaining informed consent

5   from the prisoner").  However, because petitioner does not appear to be challenging his

6   conditions of confinement, and instead simply appears to be seeking an order designating him a

7   pro per plaintiff and setting a court date, the undersigned will not recommend this action be

8   converted and will instead recommend that the habeas petition be dismissed without prejudice.[4]

9          The court notes that petitioner has filed similar "habeas petitions" citing his various civil

10  rights cases that also seek to proceed "in pro per."  This suggests petitioner may be under the

11  mistaken impression that he requires a habeas petition to obtain the order that he seeks.  Petitioner

12  is informed that, at this time, he is considered pro se, meaning proceeding without counsel, in all

13  of his pending civil rights cases in this federal court.  This includes Laster v. State of California,

14  No. 2:24-cv-3708 DAD DMC; Laster v. Robinson, No. 2:25-cv-0966 JDP; Laster v. Beavers, No.

15  2:25-cv-0968 EFB; Laster v. Cheatley, No. 2:25-cv-0979 CSK; Laster v. Mimmick, 2:25-cv-1134

16  CSK; Laster v. Wentz, No. 2:25-cv-1135 EFB.  In the future, if petitioner seeks court

17  documentation verifying that he is proceeding pro se in any of his cases, he should file a motion

18  seeking verification and **should not use the habeas corpus form.**

19         V.    Plain Language Summary for Not Represented Party

20         Since you are acting as your own attorney in this case, the court wants to make sure that

21  the words of this order are understood.  The following information is meant to explain this order

22  in plain English and is not intended as legal advice.

23         The court has reviewed your petition for writ of habeas corpus and finds that it does not

24  properly raise a habeas corpus claim because you do not seek immediate or earlier release.

25  Instead, it appears you merely seek confirmation that you are proceeding without counsel in your

26

27  [4]  If petitioner wants to challenge his conditions of confinement, he may do so by initiating a
    separate civil rights complaint or by amending any of his currently pending civil cases if
28  appropriate.

4

1    civil rights case, No. 25-cv-0966 JDP.  This type of request is not properly brought in a habeas

2    petition.  It is therefore being recommended that your petition be dismissed without prejudice.

3        If you disagree with this recommendation, you have 21 days to file a written explanation

4    why it is wrong.  Label your explanation with case number 2:25-cv-1099 AC, and as "Objections

5    to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case

6    will review any objections and make the final decision. You may also notify the court that you

7    want to dismiss this case if you did not intend to file a separate habeas petition.

8        In the future, if you need federal court documentation of your pro se status in a particular

9    case, you may file a motion *in that case* seeking verification.  You should not use the habeas

10   corpus form for this purpose.  Using the habeas form to seek relief other than your immediate or

11   earlier release from confinement will result in delays in the court's consideration of your requests.

12   VI.    Conclusion

13       For the reasons set forth above, IT IS HEREBY ORDERD that the Clerk of the Court

14   shall assign a district judge to this case.

15       In addition, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus

16   be summarily dismissed without prejudice.

17       These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

19   after being served with these findings and recommendations, petitioner may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22   objections shall be served and filed within fourteen days after service of the objections.  Petitioner

23   is advised that failure to file objections within the specified time may waive the right to appeal the

24   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25   DATED: April 25, 2025

26                                        ALLISON CLAIRE
27                                        UNITED STATES MAGISTRATE JUDGE

28

5