UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVI DALE LASTER, JR,

Petitioner,

v.

ANGELA R. ROBINSON,

Respondent.

No.  2:25-cv-01099-DAD-AC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PETITION FOR WRIT OF *HABEAS CORPUS* WITHOUT PREJUDICE

(Doc. Nos. 1, 3)

Petitioner James Kern, a state prisoner[1] proceeding *pro se*, brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

/////

---

[1]  In the pending findings and recommendations, the assigned magistrate judge noted that petitioner appeared to be detained in Butte County.  (Doc. No. 1 at 1.)  However, a search of the CDCR California Incarcerated Records and Information Search ("CIRIS") inmate locator reveals that petitioner is now housed at the California State Prison in Solano, California with an admission date of September 19, 2025.  *See* CIRIS, https://ciris.mt.cdcr.ca.gov/search (searching Levi Dale Laster by name).  The court will take judicial notice of where petitioner is housed based on this information.  *Pacheco v. Diaz*, No. 1:19-cv-00774-SAB (PC) (taking judicial notice of where a prisoner was housed based on the CDCR inmate locator), 2019 WL 5073594 (E.D. Cal. Sept. 4, 2019), *report and recommendation adopted*, No. 1:19-cv-00774-LJO-SAB (PC), 2019 WL 5063451 (E.D. Cal. Oct. 9, 2019).

1

On April 28, 2025, the assigned magistrate judge issued findings and recommendations recommending the petition be dismissed without prejudice. (Doc. No. 3.)  Specifically, the magistrate judge concluded that the petition does not appear to present a challenge to petitioner's confinement nor does it seek his immediate or an earlier release from custody, but instead merely seeks to obtain a civil court date and a *pro per* designation for plaintiff. (*Id.* at 3–5.)  The magistrate judge further recommended that, because of the nature of relief sought, the petition should not be construed as a civil rights action challenging the conditions of his confinement.  (*Id.* at 4.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 5.)  To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability.[2]  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).  Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show:  (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

---

[2]  Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability.  *See* L.R. 191(j).  A habeas petitioner may appeal only those claims for which a certificate of appealability is granted.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Rios v. Garcia*, 390 F.3d 1082, 1088 (9th Cir. 2004); *see also Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that reasonable jurists would not find the court's dismissal of petitioner's claims to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly,

1.	The findings and recommendations issued on April 28, 2025 (Doc. No. 3) are ADOPTED IN FULL;

2.	The petition for writ of *habeas corpus* (Doc. No. 1) is dismissed without prejudice;

3.	The court declines to issue a certificate of appealability; and

4.	The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **April 11, 2026**                                   _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE